THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
NORTH CAROLINA

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, and BAYER S.A.S.,<br><br>    Plaintiffs,<br>v.<br><br>MAKHTESHIM AGAN OF NORTH AMERICA, INC., and CONTROL SOLUTIONS, INC.,<br><br>    Defendants. | Civil Action No. 10-cv-276-WO-WWD |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL A SUBSTANTIVE RESPONSE TO THEIR <u>INFRINGEMENT CONTENTION INTERROGATORY</u>**

  BASF Agro B.V., Arnhem (NL), Wädenswil Branch ("BASF") and Bayer S.A.S. ("Bayer") respectfully submit this response in opposition to the March 30, 2011 Motion to Compel a Substantive Response to Their Infringement Contention Interrogatory ("Motion to Compel") of defendants Makhteshim Agan of North America, Inc. ("MANA") and Control Solutions, Inc. ("CSI") (D.I. 114).

  Plaintiffs have fully responded to Defendants' Infringement Contention Interrogatory ("Interrogatory No. 7"), and have further supplemented their response on two occasions. Defendants now seek to compel a further response to Interrogatory No. 7 <u>on a patent no longer in suit</u>, thereby imposing a burden on Plaintiffs that is neither warranted under the Federal Rules of Civil Procedure nor supported by the October 27, 2010 Consent Judgment ("Consent Judgment") (D.I. 46).

In the alternative, Defendants ask the Court to re-write the Consent Judgment to delete the agreed-upon Paragraph 12, in an inappropriate effort to make the Consent Judgment admissible at trial for all purposes.

Defendants' Motion should be denied in all respects.

## FACTUAL BACKGROUND

Plaintiffs' April 8, 2010 Complaint alleged infringement of three patents, including U.S. Patent No. 5,618,945 ("the '945 patent"), which covered certain processes used in the production of the chemical compound, fipronil. (D.I. 1). These allegations were made following Defendants' refusal to provide a fipronil sample or information on their manufacturing process, and because Plaintiffs were not aware of any commercially viable, industrial-scale manufacturing process for fipronil technical material reasonably available to Defendants that would not infringe the '945 patent. (*Id.* ¶¶ 30-31).

On June 9, 2010, Plaintiffs served their First Set of Interrogatories to Defendants, and in Plaintiffs' Interrogatory No. 2, Plaintiffs asked Defendants, in part, to "Describe the manufacturing process for each Accused Product (including the Fipronil contained in the product)." (Plaintiffs' First Set of Interrogatories, attached as Ex. A). Defendants responded to Plaintiffs' Interrogatory No. 2 on July 14, 2010, supplementing on August 9, 2010, describing the process by which Defendants intend to make fipronil. (Defendants Response and Supplemental Response to Plaintiffs' First Set of Interrogatories, attached as Ex. B).

Based on this discovery, Plaintiffs agreed not to assert the '945 patent against the intended process disclosed in the discovery responses. (D.I. 46). The parties thus entered into the October 27, 2010 Consent Judgment, in which Plaintiffs agreed not to assert the '945 patent. Defendants in turn agreed that (1) they would not infringe the '945 patent, (2) they will not

2

materially change their Currently Intended Process (as defined in the Consent Judgment), and (3) they would provide on-going discovery on their development, scaleup and finalization of their Currently Intended Process and notify Plaintiffs of any material changes to the Currently Intended Process. (*Id.* ¶¶ 4-10). In the event that Defendants materially change the Currently Intended Process in any way, Plaintiffs reserved the right to assert a claim of infringement, including under the '945 patent. (*Id.* ¶ 9).

Notably, the Consent Judgment does not state that Defendants' Currently Intended Process does not infringe the '945 patent. Indeed, the Consent Judgment made clear that Plaintiffs are not asserting the '945 patent in reliance on Defendants' discovery responses, that Defendants are obligated to provide continuing discovery regarding the development, scaleup and finalization of the Currently Intended Process, and that Plaintiffs reserve the right to assert a claim of infringement, including on the '945 patent, based on any material changes to the Currently Intended Process. (*Id.* ¶¶ 4, 7, 9).

The parties agreed, and the Consent Judgment expressly provided, that it "shall not be admissible as an exhibit in this action … except for purposes of enforcement of its terms." (*Id.* ¶ 12).

The Consent Judgment was so ordered by the Court, and the '945 patent was removed from the case. (D.I. 46).

Since entry of the Consent Judgment, disposing of all then-pending claims under the '945 patent, Defendants inexplicably continue to demand that Plaintiffs supplement Interrogatory No. 7 seeking, in part, Plaintiffs' infringement contentions under the '945 patent. (Exs. 2-4 to Defendants' Motion to Compel). Defendants have never disclosed why they seek

3

yet additional analyses of Plaintiffs' infringement contentions for a patent that is no longer in suit. Despite this, Plaintiffs supplemented their response to the interrogatory on January 21, 2011, stating that, "In light of the October 27, 2010 Consent Judgment and Order . . . Plaintiffs expect that Defendants will comply with the Consent Judgment and not infringe any claim of the '945 patent either literally or under the doctrine of equivalents. Since Plaintiffs' claims for relief under the '945 patent in their Complaint have thus been resolved . . . Plaintiffs hereby state that no further response to this interrogatory with respect to the '945 patent is necessary or warranted." (Plaintiffs' First Supplemental Responses to Defendants' Second Set of Interrogatories, attached as Ex. C).

Unsatisfied, Defendants again asked Plaintiffs to "supplement" their response. (Exs. 5-6 to Defendants' Motion to Compel). On March 21, 2011, Plaintiffs again supplemented their response to the interrogatory on March 21, 2011, citing the Consent Judgment. (Plaintiffs' Second Supplemental Responses to Defendants' Second Set of Interrogatories, attached as Ex. D).

## ARGUMENT

Defendants assert, without citation to a single rule or case, that they are "entitled" to a further response to Interrogatory No. 7, on a patent no longer in suit. Specifically, Defendants seek a statement that the Currently Intended Process does not infringe the '945 patent. (Motion to Compel, p. 4). Plaintiffs have previously responded to Defendants' interrogatory, and Plaintiffs are aware of no authority that mandates further supplementation of discovery on a patent no longer in the case. Indeed, Rule 30(c), F. R. Civ. P., specifically contemplates that a party can be protected from the needless discovery Defendants seek here.

4

In the alternative, again without any authority or justification, Defendants ask the Court to re-write the terms of the Consent Judgment to eliminate Paragraph 12, which provides that the Consent Judgment shall not be admissible as an exhibit in this action, but reserves the parties' right to offer the underlying facts of the Consent Judgment as evidence.

Defendants should be precluded from revising the Court-ordered Consent Judgment, which they agreed to after extensive negotiations. Defendants offer no reason as to why the Court should re-write the Consent Judgment to remove Paragraph 12, especially in light of the fact that the '945 patent is not currently in this case. Furthermore, given that the '945 patent is no longer in the case, Plaintiffs cannot conceive of any proper use of the Consent Judgment as an exhibit in this case, and Defendants offer none.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Compel be denied and that the Consent Judgment not be modified.

This the 20th day of April, 2011.

    /s/ Pressly M. Millen
Pressly M. Millen (NCSB No. 16178)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: pmillen@wcsr.com

*Attorneys for Plaintiffs*
*BASF Agro B.V., Arnhem (NL), Wädenswil Branch*
*and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
2001 K Street NW
Washington, DC 20006-1047
phone: (202) 223-7300
fax: (202) 223-7420
kgallo@paulweiss.com
cbenson@paulweiss.com
kkemeny@paulweiss.com

John Nathan
Catherine Nyarady
Kripa Raman
Jayson L. Cohen
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
phone: (212) 373-3000
fax: (212) 757-3990
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
jlcohen@paulweiss.com

*Attorneys for Plaintiff*
*BASF Agro B.V., Arnhem (NL), Wadenswil Branch*


Robert J. Koch
MILBANK, TWEED, HADLEY & MCCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
phone: (202) 835-7500
fax: (202) 835-7586
rkoch@milbank.com

*Attorney for Plaintiff Bayer S.A.S.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL A SUBSTANTIVE RESPONSE TO THEIR INFRINGEMENT CONTENTION INTERROGATORY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Greg Holland, greg.holland@smithmoorelaw.com, Marta E. Gross, mgross@goodwinprocter.com, Joseph B. Crystal, jcrystal@goodwinprocter.com, Michael Beck, mbeck@goodwinprocter.com and April E. Abele, aabele@goodwinprocter.com.

This the 20th day of April, 2011.

/s/ Pressly M. Millen
Pressly M. Millen (NCSB No. 16178)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: pmillen@wcsr.com

*Attorneys for Plaintiffs*
*BASF Agro B.V., Arnhem (NL), Wädenswil Branch*
*and Bayer S.A.S.*

Of Counsel:

Kenneth A. Gallo
Craig Benson
Kent Kemeny
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON, LLP
2001 K Street NW
Washington, DC 20006-1047
phone: (202) 223-7300
fax: (202) 223-7420
kgallo@paulweiss.com
cbenson@paulweiss.com
kkemeny@paulweiss.com

John Nathan
Catherine Nyarady
Kripa Raman
Jayson L. Cohen

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
phone: (212) 373-3000
fax: (212) 757-3990
jnathan@paulweiss.com
cnyarady@paulweiss.com
kraman@paulweiss.com
jlcohen@paulweiss.com

*Attorneys for Plaintiff*
*BASF Agro B.V., Arnhem (NL), Wadenswil Branch*


Robert J. Koch
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
phone: (202) 835-7500
fax: (202) 835-7586
rkoch@milbank.com

*Attorney for Plaintiff Bayer S.A.S.*